ECF CASE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE SCHEINDLIN

--------------------------------------------------------------- x

LOUIS VUITTON MALLETIER,

                        Plaintiff,

           v.

DOONEY & BOURKE, INC.,

                        Defendant.

--------------------------------------------------------------- x

04 Civ. _____ 2990

04 CV 2990

**COMPLAINT AND JURY DEMAND**

RECEIVED APR 19 2004 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff Louis Vuitton Malletier ("Louis Vuitton"), by its attorneys, Mintz, Levin, Cohn,

Ferris, Glovsky & Popeo, P.C., for its Complaint against defendant Dooney & Bourke, Inc.

("defendant Dooney"), alleges as follows:

### JURISDICTION AND VENUE

1.     This is an action for trademark infringement under § 32 of the Lanham Act, 15

U.S.C. § 1114; unfair competition and false designation of origin under § 43(a) of the Lanham Act,

15 U.S.C. § 1125(a); trademark dilution under 15 U.S.C § 1125(c); trademark infringement and

unfair competition under New York state law; and trademark dilution and injury to business

reputation under Section 360-1 of the New York General Business Law.

2.     This Court has original jurisdiction over plaintiff Louis Vuitton's federal law claims

pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121.  This Court has supplemental

jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367 with respect to plaintiff Louis Vuitton's

claims arising under the laws of the State of New York, including those arising under the New York

General Business Law.

3.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because this is an action

brought pursuant to the Lanham Act, plaintiff Louis Vuitton's claims arise in this district, because a

substantial part of the events giving rise to the claims occurred in this district, and defendant Dooney

is doing or has done business within this district with respect to its infringing goods.

    4.     This Court has personal jurisdiction over defendant Dooney because it is present in

this district, operates one or more stores here, engages in substantial business within this district and

sells its infringing goods in this district.

## THE PARTIES

    5.     Plaintiff Louis Vuitton is a corporation organized and existing under the laws of

France, having its principal place of business at 2 Rue du Pont Neuf, Paris, France. Plaintiff Louis

Vuitton is engaged, inter alia, in the business of manufacturing, importing, selling and distributing

within the United States, including within this district, designer luggage, purses, handbags, travel

leather accessories, high fashion apparel and accessories under, inter alia, its world famous and

federally registered Louis Vuitton Toile Monogram trademarks ("Louis Vuitton Toile Monogram

Trademarks") and its famous and distinctive Louis Vuitton Toile Monogram Murakami trademarks

("Louis Vuitton Toile Monogram Murakami Trademarks"). (The Louis Vuitton Toile Monogram

Trademarks and Louis Vuitton Toile Monogram Murakami Trademarks are collectively referred to

herein as the "Louis Vuitton Trademarks").

    6.     Upon information and belief, defendant Dooney is a Connecticut corporation with its

principal place of business at 1 Regent Street, East Norwalk, Connecticut. Defendant Dooney

operates several stores and/or offices in New York City, including its flagship store at 20 East 60th

Street, New York, New York.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.    The Louis Vuitton Toile Monogram Trademarks Are Well-
Known And Famous And Have Acquired Secondary Meaning**

    7.     Plaintiff Louis Vuitton first started selling its designer trunks and accessories in the

United States in 1893 after Georges Vuitton traveled to the United States to exhibit Louis Vuitton

2

designs at the great Chicago Columbian Exhibition. Soon thereafter, Louis Vuitton designs were the luxury accessory of choice, and major United States celebrities including Mary Pickford, Marlene Dietrich, Lillian Gish, Ginger Rogers, Douglas Fairbanks and Cary Grant were regular patrons. Since that time, Louis Vuitton accessories and luggage have been popular with major United States celebrities and notables including Lauren Bacall, Jerry Lewis, Yul Brynner, Kirk Douglas, Audrey Hepburn, Sharon Stone, Madonna and Jennifer Lopez.

8.    In 1896, Georges Vuitton created the Toile Monogram canvas, which features the entwined LV initials with three motifs, a curved diamond with a four-point star inset, its negative, and a circle with a four-leafed flower inset, which all were inspired by the Japanese influence on French art and design during "La Belle Epoque" period. This unique and innovative design pattern was registered as a trademark to protect it from imitators and, since that time, to protect this famous trademark, has been registered in various jurisdictions around the world, including the United States.

9.    Plaintiff Louis Vuitton is the owner, inter alia, of the following United States trademark registrations, registered on the Principal Register of the United States Patent and Trademark Office for a wide variety of goods, including handbags, apparel and jewelry:

| TRADEMARK | U.S. REGISTRATION NO. | INTERNATIONAL CLASSES |
|---|---|---|
| TOILE MONOGRAM | 0,297,594 | 18 |
| | 1,643,625 | 18 |
| | 1,653,663 | 18 |
| | 1,770,131 | 25 |
| | 2,399,161 | 25 |
| MISCELLANEOUS DESIGNS | 2,181,753 | 14, 18, 25 |
| | 2,177,828 | 14, 18, 25 |
| | 2,773,107 | 14, 18, 25 |

Each of the Louis Vuitton Toile Monogram trademark registrations concerning handbags in International Class 18 (Registration Nos. 0,297,594, 1,643,625 and 1,653,663) is incontestable by

3

virtue of their exclusive and continuous use in commerce. True copies of the cited registrations from the United States Patent and Trademark Office TESS database are attached as Exhibit A.

10.    Since its first sale of goods featuring the Louis Vuitton Toile Monogram pattern in the United States, plaintiff Louis Vuitton has established a worldwide reputation for innovation, quality and style in women's and men's fashion design, including fine accessories, leather goods, and apparel. Louis Vuitton's signature Louis Vuitton Toile Monogram, with its distinctive design pattern has been featured on exclusive Louis Vuitton fashion accessory and apparel designs in the United States for nearly a century.

11.    Plaintiff Louis Vuitton has invested hundreds of millions of dollars and over one hundred and fifty years of time and effort to create strong market and consumer recognition of the Louis Vuitton Toile Monogram Trademarks throughout the world. Fashion accessory designs featuring the Louis Vuitton Toile Monogram Trademarks have been advertised, promoted, offered for sale and sold throughout the world in Louis Vuitton freestanding boutiques and in-store boutiques in the finest department stores, including Saks Fifth Avenue, Bloomingdale's, Neiman Marcus, and Macy's. Plaintiff Louis Vuitton has widely promoted and advertised its Louis Vuitton Toile Monogram Trademarks in magazines, newspapers, in stores and in other media worldwide for decades and, most recently, on the World Wide Web through the Louis Vuitton website www.louisvuitton.com, and the related www.eluxury.com website. Through these efforts, the distinctive Louis Vuitton Toile Monogram Trademarks have become famous and world-renowned.

12.    One such example of this acknowledged fame and recognition is the January 2003 issue of Town & Country, which in its Fashion & Style section featured an article entitled "For All Time: The Brands We Love, How They Began and What Has Made Them Forever Favorites." In this article, Town & Country recognized Louis Vuitton as one of the famous "forever favorite" brands:

4

[1896] Louis Vuitton

The monogram that made Louis Vuitton famous showed up first on the company's canvas luggage. It then became the look of modern luxury --and is now found on many of LV's most sought-after designs. . . .

A copy of the pertinent page from the January 2003 <u>Town & Country</u> is attached as Exhibit B.

13.    The Louis Vuitton Toile Monogram Trademarks are famous and well known and have attained worldwide consumer acceptance, overwhelming fame, and nearly immediate consumer recognition. The Louis Vuitton Toile Monogram Trademarks embody and symbolize supreme luxury and excellence and have become synonymous with the famous Louis Vuitton design atelier and serve as a symbol of and source for the highest standards in fashion design and quality, representing the very significant and extremely valuable goodwill of Louis Vuitton.

14.    Plaintiff Louis Vuitton has advertised its exclusive fashion apparel and accessory designs bearing the Louis Vuitton Toile Monogram Trademarks extensively within the United States. Through the extensive advertising and sales of exclusive Louis Vuitton fashion accessory designs, unsolicited editorial and media acclaim, and diligent and aggressive protection, the Louis Vuitton Toile Monogram Trademarks have become well-known and famous symbols of quality and workmanship in design.

## B.    The Louis Vuitton Toile Monogram Murakami Trademarks Are Well Known And Famous And Have Acquired Secondary Meaning

15.    A key factor to the success of the Louis Vuitton fashion apparel and accessory designs and the Louis Vuitton Trademarks, including the Louis Vuitton Toile Monogram Trademarks, is and has been a design philosophy of innovation balanced with respect for the longstanding tradition of excellence established by Louis Vuitton. In 1997, Louis Vuitton hired the famous American fashion designer Marc Jacobs, who now is the Artistic Director for its Louis Vuitton fashion apparel and accessory design lines, as well as his own signature lines.

TRA 1885732v3

16.    In 2002, in collaboration with famed Japanese artist Takashi Murakami, Marc Jacobs introduced new signature designs based upon the Louis Vuitton Toile Monogram. They featured four collections of multi-colored patterns and styles of handbag and accessory designs based upon famous Louis Vuitton Toile Monogram Trademarks: the Monogram Cherry Blossom, featuring a pattern of the Louis Vuitton Toile Monogram with cherry blossoms; the Eye Love Monogram, featuring a colorful pattern of the Louis Vuitton Toile Monogram with a Murakami eye symbol; the Monogram Multicolore, offering a visionary and avant-garde version of the famous Louis Vuitton Toile Monogram in thirty-three colors; and a collection of Murakami characters featured on the Louis Vuitton Toile Monogram pattern ("the Louis Vuitton Toile Monogram Murakami Trademarks"). The handbags featuring the Monogram Cherry Blossom, the Eye Love Monogram, the Monogram Multicolore and the Murakami Character patterns are collectively referred to as the "Louis Vuitton Toile Monogram Murakami Handbags." The copies of screen-prints from a December 7, 2003 www.style.com feature on Takashi Murakami ("Japanese art star who was invited by Marc Jacobs to update Louis Vuitton's iconic bags for Spring, and created the single most talked-about accessory of the season") and representative pictures depicting handbags bearing the Louis Vuitton Toile Monogram Murakami Trademarks are attached as Exhibit C.

17.    One of the Louis Vuitton Toile Monogram Murakami Trademarks that has become extremely popular and has become recognized as a source identifier for Louis Vuitton is the Louis Vuitton Monogram Multicolore pattern ("the Toile Monogram Multicolore Trademarks"). The Louis Vuitton Toile Monogram Multicolore Trademarks have attained a secondary meaning indicative of origin with Louis Vuitton, and has come to be a business asset of immense value to Louis Vuitton. The Toile Monogram Multicolore Trademarks feature black or white backgrounds, and are utilized on handbag designs featuring straps and handles made out of natural calf's hide leather and hand-applied colored trim offsetting the bright, multi-color designs on the body of the handbag or

accessory design and finished with double-stitched edging and shiny gold hardware.  Representative pictures depicting handbags bearing the Toile Monogram Multicolore Trademarks are attached as Exhibit D.

18.    Plaintiff Louis Vuitton first launched the Louis Vuitton Toile Monogram Murakami Handbags on October 7, 2002 at the Louis Vuitton Spring 2003 fashion show in Paris, France. Fashion models wearing Louis Vuitton Spring 2003 fashions opened the show carrying the Louis Vuitton Toile Monogram Murakami Handbags featuring the Louis Vuitton Toile Monogram Murakami Trademarks on the catwalk.  The new Louis Vuitton Toile Monogram Murakami handbags, including designs featuring the Toile Monogram Multicolore Trademarks, were an instant hit.  Subsequently, they were featured in the news and fashion media extensively, including in major American newspapers and magazines such as The New York Times, Women's Wear Daily ("WWD"), Harpers Bazaar, Marie Claire, Vogue, Elle and W; on the Internet through such websites as www.louisvuitton.com, www.style.com and www.elle.com, and on television.  The favorable critical and editorial response to the handbags featuring the Louis Vuitton Toile Monogram Murakami Trademarks has been unprecedented.  Selected photographs from the Spring 2003 Louis Vuitton Collection fashion show featuring handbags bearing the Louis Vuitton Toile Monogram Murakami Trademarks, which have been and are currently available on www.style.com, are attached as Exhibit E.

19.    The overwhelmingly favorable response to the Louis Vuitton Toile Monogram Murakami Handbags was immediate.  On October 8, 2002, the day after the Louis Vuitton Spring 2003 Fashion Show, WWD reported:

> Louis Vuitton:  Takashi Murakami's happy monster balloons that decorated the plaza outside the Louis Vuitton show spoke volumes:  Check your worries at the doorstep, and settle in for joie du mode.  The playful hot-air giants heralded more than the wonderfully witty handbags on which Murakami also collaborated, carried by a fast-moving parade of pastel satin-clad flight-attendant types to open the show.

7

\*    \*    \*

> Now about those bags -- fabulous!  Murakami, whose work is currently
> featured in an exhibition at the Cartier Foundation here, electrified the LV
> logo with bright, cartoonist characters on a stark white ground.  (While the
> basic logo uses three screens of color, his most elaborate versions take 93.)
> You can hear those cash registers ringing now -- if the bags make their way to
> the selling floor in substantial numbers.  (Memo to LV production:
> PLEASE!).

A copy of the referenced October 8, 2002 article from WWD is attached as Exhibit F.

20.    The Boston Globe also reported on the huge success of the handbags featuring the

Louis Vuitton Toile Monogram Murakami Trademarks:

> PARIS -- Three colorful cartoon characters -- pumped full of helium to the
> proportions of those used in the Macy's Parade -- bobbed gently in the breeze
> outside the Louis Vuitton fashion show here yesterday, looming over a
> crowded plaza like figures out of a science fiction movie.
>
> It was clear that something big was about to be unleashed.
>
> Indeed, spectators were practically levitating as well, after seeing the new
> bags and wallets Marc Jacobs designed for the label in collaboration with
> Takashi Murakami, the young Japanese-born artist with a Pokemon aesthetic
> whose work was highlighted last year at the Museum of Fine Arts in Boston.
>
> Jacobs, who has been looking for ways to update the brown LV icon leather
> goods since he took over the historic label in 1997, has certainly succeeded,
> even topping the creative partnership he had with graffiti artist Stephen
> Sprouse, whose line is now available at Target.
>
> Where the original monogram used three screens to print the LV pattern, the
> Murakami pieces will use as many as 93.  "A new flamboyance," the program
> notes boasted, "this helped set the tone of the Louis Vuitton 2003 Spring
> show."

A copy of the referenced October 8, 2002 article from The Boston Globe is attached as Exhibit G.

## C.    Louis Vuitton Toile Monogram Murakami Handbags
## Were the Original "Must-Have" and "It Bags" for 2003

21.    Shortly after the Spring 2003 Fashion Show, the Louis Vuitton Toile Monogram

Murakami Handbags rapidly became the "It Bags" or hottest, must-have accessory designs in the

industry.

22.    On January 8, 2003, www.cnn.com, in a fashion editorial entitled "Gotta LV it" commented:

> If fashion serves as any forecast, the months ahead are sure to be brighter. Exhibit A: the new Louis Vuitton Eye Love Handbag. Designer Marc Jacobs teamed up with Japanese artist Takashi Murakami to create four versions of the latest It Bag -- white canvas with candy-colored logos.

A copy of the January 8, 2003 www.cnn.com article entitled "Gotta LV it" is attached as Exhibit H.

23.    The January 2003 issue of Harper's Bazaar echoed this view and named the Louis Vuitton Monogram Multicolore Murakami handbags the "Spring's It Item." The Los Angeles Times on May 26, 2003 observed in reference to the Louis Vuitton Toile Monogram Murakami handbag craze: "But mere mortals who lust after Spring's 'it' bag are pretty much out of luck. The waiting list at the Louis Vuitton store on Rodeo Drive is 2,500 names long . . . with no guarantees." On July 14, 2003, The Korea Herald opined: "with only Ls and Vs, a bag gets approving looks from the fashion conscious. Or better yet, if it has a couple of eyeballs floating among them, a clever collaboration with Japanese artist Takashi Murakami, it instantly gains the status of 'The It Bag.'" A copy of these three articles is attached as Exhibit I.

24.    An August 22, 2003 article in The Arizona Republic quoted one fashion commentator's opinion that the Louis Vuitton Toile Monogram Murakami Handbags were "the one 'it' purse" of 2003. The same commentator credited the Louis Vuitton Toile Monogram Murakami Handbags with spurring a "retail revolution":

> The must-have accessory concept has become a cultural phenomenon this season with the Vuitton Murakami bags, which have a nearly 2000-person waiting list at Scottsdale Fashion Square's location.

A copy of the referenced article from The Arizona Republic is attached as Exhibit J.

25.    The "Eye-Love" model of the Louis Vuitton Toile Monogram Murakami Handbags, which features the same pattern as the Toile Monogram Multicolore pattern with embellished fanciful eyeball designs, received a 2003 ACE Award from the Accessories Council, being named

9

the 2003 "'It' Accessory of the Year." A copy of the October 21, 2003 posting on the Accessories Council's website is attached as Exhibit K. The Murakami bag's nomination as the "'It' Accessory of the Year" previously had been announced in the August 25, 2003 edition of WWD. The Monday August 25, 2003 edition of WWD recognized Marc Jacobs, the creative director of the Louis Vuitton Toile Monogram Murakami Handbags, as a "Designer of the Year" for the year 2003. It reported that the Louis Vuitton Toile Monogram Murakami Handbags, Trademarks and trade dress were "set to become a new landmark for the house." A copy of the August 25, 2003 WWD article is attached as Exhibit L.

26.    In The Sunday Times of London on September 21, 2003, an article entitled "It's all about bags and shoes", compared the fashions of the 1950's with current fashions, but noted one major difference -- there once was "no talk of an 'It Bag' or a 'must have' shoe but fast-forward to 2003 and the 'buzz' surrounding Louis Vuitton's blockbusting Murakami bags." A copy of the September 21, 2003 The Sunday Times of London article is attached as Exhibit M.

27.    In October 2002, shortly after the Paris show, The New York Times quoted one French fashion editor's prediction that the Louis Vuitton Toile Monogram Murakami Handbags would be a "must-have" item in the Spring of 2003:

> As one French editor said curtly, the only thing that looked new were Takashi Murakami's joyful scribbles for Louis Vuitton's logo bags. "Everybody's going to want one next Spring," she said.
>
> But surely women will respond to anything that lights up their eyes or expresses their personality. After all, they don't enter a dressing room armed with the complete, bound set of Vogue to judge if something is new or not. And even if they could absorb all the looks that come down a runway each season, they would still choose only the styles that reflect their status or individuality. From out of the chaos of the Spring collections, certain trends will bubble up in the din -- surfer prints, micro-minis, loose tops, shrunken jackets and, of course, those childish colors of Mr. Murakami's. But fashion is too wayward now to produce a consensus, and women are much less concerned about finding the new than a clear, independent point of view.

*    *    *

10

> And in their separate ways, Mr. Jacobs and Mr. Galliano reminded us that fashion is, above all, about fun -- and staying young in the game.  Mr. Jacobs's collaboration with Mr. Murakami, a Japanese artist known for his cartoon characters, yielded not only a hot new accessory but also a collection that, in its sweet colors and ruffle-kissed shifts, offered something better than newness:  a sense of optimism.

A copy of the October 15, 2002 The New York Times article is attached as Exhibit N.

28.    On November 4, 2002, WWD echoed this prediction that the Louis Vuitton Toile

Monogram Murakami Handbags would be "the must-haves of the season":

> These days basics just won't fly, so designers appealed not to women's sense of pragmatism, but to their desire. In Milan, they did it with sex. In Paris, with faux fantasy -- faux, because with the glorious exception of John Galliano's brilliantly out-there signature collection, even the most theatrical presentations featured real clothes amidst the fanfare. In New York, typically, they did it with upbeat chic. And across the board, they kept moods and spirits light.

> Why?  Simple.  "I wanted everything to be joyous," Marc Jacobs said before his Louis Vuitton show "People should feel good when they see these things." To that end, he engaged in a witty collaboration with Japanese artist Takashi Murakami for accessories that will surely become the must-haves of the season.  Murakami toyed and tinkered with the elements of the hallowed LV logo, turning them into cartoonist characters.  Once upon a time, not so many years ago, such shenanigans would never have flown chez Vuitton, but after the outrageous success of those Stephen Sprouse graffiti bags several seasons back, Jacobs now enjoys free rein with the golden initials.  And speaking of flying, Murakami didn't stop with the bags, but created a series of giant, whimsical balloons that floated in the plaza outside the show space.

Copies of the November 4, 2002 WWD article and other contemporaneous news articles and reviews

from Newsday (11/11/02); The Guardian (London) (11/18/02); and The New York Times (11/17/02)

are attached as Exhibit O.

29.    The editorial praise and publicity for the Louis Vuitton handbags featuring the Louis

Vuitton Toile Monogram Murakami Trademarks continued to mount in the months after the Spring

2003 Louis Vuitton Fashion Show.  On December 17, 2002, the New Straits Times reported on the

Louis Vuitton Toile Monogram Murakami Handbags at the Spring 2003 collection show in Paris:

"[A]t Louis Vuitton, Marc Jacobs teamed up with Japanese pop star Takashi Murakami to update

TRA 1885732v3

Louis Vuitton's iconic bags for Spring, creating the single most talked-about accessory this season."
The well-known "What's Hot Now" January 2003 issue of In Style magazine identified the Louis
Vuitton Eye Love bag, featuring the Louis Vuitton Toile Monogram Murakami Trademarks, as
"What is hot in Fashion" for 2003. As The Seattle-Post Intelligencer made plain on December 30,
2002 that consumers observe and follow the trends set by celebrities in the media such as In Style,
when it cited "the new Louis Vuitton monogram bags interpreted by Japanese artist Takashi
Murakami and fashion designer Marc Jacobs" as "Hot" items for 2003. Copies of the referenced
articles in the December 17, 2002 New Straits Times, the January 2003 In Style, and December 30,
2002 The Seattle Post-Intelligencer are attached as Exhibit P.

     30.    The "It Bag" status of the new "must-have" Louis Vuitton Toile Monogram
Murakami Handbags was reaffirmed by celebrity stylist and "style guru" David Evangelista on the
CBS morning television show The Early Show on January 1, 2003, which according to a recent June
2, 2003 issue of the Hollywood Reporter is watched by approximately 2.73 million viewers each day:

> EVANGELISTA: . . . The must-have for all you fashionistas out there-and
> you know who you are.
>
> CHEN: . . . would be -- it's all about handbags in New York City.
>
> EVANGELISTA: It's all -- yeah. Yeah. A handbag's a staple -- I -- I -- I
> think a staple item, which also is a -- a society item. It's a class item, don't
> you think?
>
> CHEN: Mm-hmm. And that's something that you can change every year.
> You don't want to change your whole wardrobe.
>
> EVANGELISTA: Exactly.
>
> CHEN: That's one piece -- so a must-have.
>
> EVANGELISTA: I mean, the Louis Vuitton Murakami bag -- this is like the
> hot bag for -- for next year. He's a Japanese designer and he designed a line
> of handbags for Louis Vuitton. And if you can see over here, if we c -- can
> zoom in, they have little like happy faces. See that?
>
> CHEN: Yeah.

EVANGELISTA: It's Japanese animation.

CHEN: In the middle of the flower, the bud.

EVANGELISTA: This is -- this is really the one that's been shown a lot, is the white Murakami bag, which is right here, which is like really, really fun. Can we get that on camera right there? Yeah. There we go. See . . .

CHEN: OK. I can't even imagine what the waiting list is like for this bag.

EVANGELISTA: I know people who have been on the waiting list for three months and they still haven't seen anything yet.

CHEN: OK. That's the must-have for 2003.

EVANGELISTA: That's the must-have, your must-have.

A copy of the transcript of the referenced portion of The Early Show on January 1, 2003 is attached as Exhibit Q.

31.    This "must-have" status was echoed in numerous other magazines and news media around the world, including The New York Times (1/12/03); The Australian (1/10/03); the Edmonton Journal (1/3/03); The Evening Standard (1/13/03); The Times (London) (2/13/03); The Chicago Tribune (2/16/03); WWD (2/24/03) ("This Spring, must-have accessories like Louis Vuitton's Takashi Murakami handbag . . . top off [ardent fashion followers'] list"); The New York Post (2/24/03) ("This season, it's all about Louis Vuitton's Murakami bags . . . ."); The Gazette (Montréal, Quebec) (2/25/03); The Australian (2/28/03) ("The chou-chou of the season is Louis Vuitton's Monogram Cherry Blossom Sac Retro. . . ."); The Chicago Tribune (3/4/03) ("Louis Vuitton has the gotta-have-it-set in a frenzy with its latest handbag line, a summer collection that features the playful designs of Japanese artist Takashi Murakami."); and USA Today (4/23/03) ("The 2003 line getting the most celeb attention is Louis Vuitton's with multi-colored LVs"). Copies of these articles are attached collectively as Exhibit R.

32.    The overwhelmingly favorable media attention paid to the handbags featuring the Louis Vuitton Toile Monogram Murakami Trademarks is continuing. The Tuesday December 9,

2003 edition of WWD ran an article entitled "The It Bag", which recognized the Louis Vuitton Toile

Monogram Murakami Handbag as the seventh largest fashion news story of 2003. The article noted

that Louis Vuitton had unleashed "shock and awe" in the fashion world and the handbag featuring

the Toile Monogram Murakami Trademarks were a "blockbuster that helped invigorate the entire

category. . . ." WWD quoted a luxury goods market analyst as stating that the Louis Vuitton Toile

Monogram Murakami Handbags are a "miracle" which "proved that 'innovation is the key weapon'

in today's competitive luxury goods market." A copy of the December 9, 2003 WWD article is

attached as Exhibit S.

33.    In the February 2, 2004 issue of The New York Post, the Louis Vuitton Monogram

Multicolore Murakami Handbag was again hailed as "The It Bag" of 2003. Even more recently, the

March 2004 issue of In Style featured an article on the "It Bag" which featured a photograph of rap-

star Eve holding a Louis Vuitton Monogram Multicolore Handbag and it was noted ". . . Louis

Vuitton [has] enjoyed the honors of such a moniker, and a look back at recent It Bags shows that

most still have it and have become classic." Copies of the February 2, 2004 issue of the New York

Post and the March 2004 issue of In Style articles identifying the Louis Vuitton Handbag as "The It

Bag" are attached as Exhibit T.

34.    To date, nearly 70,000 Louis Vuitton Toile Monogram Multicolore handbags and

related accessories (valued at over $40 million) have been sold in the United States since their

introduction through ninety Louis Vuitton stores and in-store boutiques within exclusive department

stores such as Neiman Marcus, Macy's, Bloomingdale's, Saks Fifth Avenue, and on the Internet

through www.eluxury.com. The Louis Vuitton Toile Monogram Multicolore white handbags and

accessories sales in the United States to date have been in excess of $25 million dollars. The

Monogram Multicolore black handbags sales in the United States exceed more than one $16 million

dollars to date.

14

35.    The Louis Vuitton Toile Monogram Murakami Trademarks have been featured in advertising, fashion editorials and news media coverage and have become an immediate success with consumers, fashion critics and celebrities.  Celebrity singer-actress Madonna, actress Sarah Jessica Parker, rapper Eve, supermodel Iman, actress Elizabeth Hurley, actress Reese Witherspoon, actress Jennifer Love-Hewitt, actress-model Jaime King and actress Jennifer Lopez all have been reported carrying the celebrated Louis Vuitton Toile Monogram Murakami Handbags.

36.    People magazine featured Madonna carrying "Louis Vuitton's this-minute Murakami bag", The Vancouver Province featured a photograph of Sarah Jessica Parker and WWD featured a photograph of Iman, each carrying her Louis Vuitton Toile Monogram Murakami handbag.  Copies of the articles from People (5/12/03), The Vancouver Province (5/7/03) and WWD (5/1/03) ("Iman, sporting an ultra-coveted Louis Vuitton Takashi Murakami bag . . . said she can't believe the reaction she's getting to her latest accessory.  Everybody stops me in the street -- I have never seen people react to a bag like this.") are attached as Exhibit U.

37.    Unsolicited articles or mentions have appeared in print throughout the world in such periodicals as People, The New York Times, Glamour, Vogue, Financial Times, The San Francisco Chronicle, The Palm Beach Post, The Chicago Tribune, Chicago Sun-Times, The Los Angeles Times, Time, St. Petersburg Times, The Atlanta Journal and Constitution, The Boston Herald, National Post (Canada), WWD, The Daily Telegraph, New Straits Times, The Korea Herald, Philippine Daily Inquirer, The Nikkei Weekly (Japan), The Vancouver Province, Interview, Village Voice, USA Today, Bangkok Post, Sunday Times (London) and The Irish Times.  With respect to the handbags featuring the Louis Vuitton Toile Monogram Murakami Trademarks, almost every article has noted and commented favorably upon their unique and distinctive Louis Vuitton Toile Monogram Murakami Trademarks and/or featured a photograph of one of the Louis Vuitton Toile Monogram Murakami Handbags.  Copies of certain of the referenced articles featuring the Louis

15

Vuitton Toile Monogram Murakami Handbags, which were not specifically discussed above, are attached as Exhibit V.

38.    The unsolicited editorial and media attention makes plain that the Louis Vuitton Toile Monogram Murakami Handbags are "must-have" items that have become an instant classic. For example, on April 21, 2003 <u>WWD</u> reported that:

> Louis Vuitton's rainbow-colored Takashi Murakami bags are turning into the fashion industry's answer to Tickle-Me-Elmo. A salesman at the Louis Vuitton store in SoHo said a waiting list for the bags that (officially) closed in December already has more than 1,000 names on it, but the store is still taking names and numbers anyway on the off chance more should arrive. Even Louis Vuitton "catalogs" of unknown origin that feature pictures of the bags -- and one that looks suspiciously like the company's annual report -- are drawing bids of $20 or more. But here's an interesting question: "If the waiting list's so long, where are all these bags coming from?"

A copy of this April 21, 2003 <u>WWD</u> article is attached as Exhibit W.

39.    Numerous articles have chronicled the extensive waiting lists generated by the unprecedented popularity of the Louis Vuitton Toile Monogram Murakami Handbags. On April 28, 2003, <u>People</u> magazine reported: "The most coveted Spring bags in celebdom are from Louis Vuitton's new limited-edition line, designed by Japanese pop artist Takashi Murakami. The fanciful bags (which go for $360 to $3,950) have sparked such a frenzy that the wait list is in the thousands, including many A-listers who usually get first-dibs. J. Lo's not queuing, though -- she has already been spotted with two." <u>The St. Petersburg Times</u> (5/3/03) and <u>The Dallas Morning News</u> (5/15/03) also reported on the craze for the Louis Vuitton Toile Murakami Monogram Handbags. Copies of the referenced articles from <u>People</u>, <u>The St. Petersburg Times</u> and <u>The Dallas Morning</u> News are attached as Exhibit X.

40.    Plaintiff Louis Vuitton has devoted substantial time, effort and money to create, market, promote and sell the Louis Vuitton  Toile Monogram Murakami Handbags and Trademarks. Plaintiff Louis Vuitton has featured the handbags bearing the Louis Vuitton Toile Monogram

Murakami Trademarks prominently in its Spring-Summer 2003 fashion show and Spring-Summer 2003 and Fall-Winter 2003-2004 advertising campaigns and expended in excess of $4 million dollars in connection with the publicizing and promotion of the Louis Vuitton Toile Monogram Murakami Handbags and Trademarks. The advertisements also were featured on billboards in the United States, including in New York at the prestigious corner of Fifth Avenue and 57th Street, where the new Louis Vuitton flagship store in New York recently opened. Copies of photographs of the billboards featuring the Louis Vuitton Toile Monogram Murakami Handbags and Trademarks are attached as Exhibit Y.

41.     The Louis Vuitton Toile Monogram Multicolore Trademarks on a white background were featured in Spring-Summer 2003 advertising campaign featuring supermodel Eva Herzigova and appeared in such well-known fashion magazines and periodicals as W, Elle, Vogue, Harpers, The New York Times, and The New Yorker. In 2003-2004, Louis Vuitton spent over $4 million towards the promotion and advertising of the Louis Vuitton Toile Monogram Murakami Handbags and Trademarks. Over $2 million was spent by Louis Vuitton on advertising the Louis Vuitton Toile Monogram Multicolore Trademarks in 2003 alone. Louis Vuitton's advertising and promotions prominently display the fashion accessory designs, including the Louis Vuitton Toile Monogram Murakami Trademarks and the Louis Vuitton Toile Monogram Multicolore Trademarks. Copies of photographs from the Louis Vuitton Spring-Summer 2003 advertising campaign are attached as Exhibit Z.

42.     The Louis Vuitton Fall-Winter 2003-2004 advertising campaign featured actress-singer Jennifer Lopez and the Louis Vuitton Toile Monogram Multicolore Trademarks on a black background. This advertising campaigns also appeared in such well-known fashion magazines and periodicals as W, Elle, Vogue, Harpers, The New York Times, and The New Yorker. Copies of

17

photographs from the Louis Vuitton Fall-Winter 2003-2004 advertising campaign are attached as Exhibit AA.

43.    Plaintiff Louis Vuitton distributed over twenty-three thousand color catalogues for its Spring-Summer 2003 collection in the United States, which featured pages of handbags bearing the Louis Vuitton Toile Monogram Multicolore Trademarks. Copies of the pertinent pages of the Spring-Summer 2003 Catalogue are attached as Exhibit BB. In addition, plaintiff Louis Vuitton devoted $41,209 for invitations for openings featuring the launch of the Louis Vuitton Toile Monogram Handbags which featured the white Louis Vuitton Toile Monogram Multicolore Trademarks. The invitations and catalogues were mailed to consumers and fashion editors throughout the United States. Examples of the Spring-Summer 2003 invitations are attached as Exhibit CC.

44.    Plaintiff Louis Vuitton distributed color catalogues for its Pre-Fall and Fall-Winter 2003-2004 collection in the United States and the world, which feature pages offering handbags bearing the Louis Vuitton Toile Monogram Multicolore Trademarks on a black background. Copies of the pertinent pages of the Fall-Winter 2003-2004 catalogues are attached as Exhibit DD. The catalogues have been distributed to consumers and fashion editors throughout the United States.

45.    As a result of the widespread advertising, publicity, promotion and sales of handbags bearing the Louis Vuitton Toile Monogram Multicolore Trademarks, the Louis Vuitton Toile Monogram Multicolore Trademarks have become well known and identified in the minds of the trade and the purchasing public as identifying creations of plaintiff Louis Vuitton.

46.    The fame of the Louis Vuitton Trademarks has been established in the United States, not only through the extensive sales, promotion and advertising of Louis Vuitton fashion accessories and designs, but also through the extraordinary unsolicited publicity and editorial coverage given to them by the leading fashion magazines and news media such as, inter alia, Harpers, Vogue, Elle,

18

WWD and W.  Through these efforts, the Louis Vuitton Trademarks have achieved secondary meaning as identifiers of high-fashion and high-quality products.

**D.**    **Defendant Dooney's Unlawful Acts of Willful Infringement of the Louis Vuitton Trademarks**

47.    Upon information and belief, at all times relevant hereto, defendant Dooney had knowledge of plaintiff Louis Vuitton's ownership of the Louis Vuitton Toile Monogram Trademarks, including its exclusive right to use the Louis Vuitton Toile Monogram Trademarks and the goodwill associated therewith.

48.    Upon information and belief, at all times relevant hereto, defendant Dooney had knowledge of plaintiff Louis Vuitton's ownership of the Louis Vuitton Toile Monogram Murakami Trademarks, including its exclusive right to use the Louis Vuitton Toile Monogram Multicolore Trademarks and the goodwill associated therewith.

49.    Plaintiff Louis Vuitton has recently discovered that defendant Dooney has manufactured, advertised and sold, or has caused to be manufactured, advertised and sold, handbags which feature confusingly similar imitations and knock-offs of the Louis Vuitton Trademarks, including the Louis Vuitton Toile Monogram Multicolore Trademarks (the "Infringing Handbags"). Copies of photographs of several of the Infringing Handbags are attached as Exhibit EE.

50.    In particular, in the early Fall 2003, after the Louis Vuitton Toile Monogram Murakami Handbags, including handbags bearing the Louis Vuitton Toile Monogram Multicolore Trademarks, had been established as the "must-have" fashion accessory and "It Bag" for 2003 with bright, multi-colored designs, including overlapping monogram initials on a white weather-proof canvas background, with natural leather straps or handles and/or single-colored leather borders and shiny metal hardware, defendant Dooney introduced a line of knock-off bags which it named the "It Bag," featuring bright, multi-colored designs, including overlapping monogram initials, on a white weatherproof canvas background, with natural leather straps or handles and/or single-colored leather

19

borders and shiny metal hardware. In the early Winter of 2003, after the Louis Vuitton Toile

Monogram Murakami Handbags, including handbags bearing the Louis Vuitton Toile Monogram

Multicolore Trademarks, featuring bright, multi-colored designs, including overlapping monogram

initials, on a black weather-proof canvas background, with natural leather straps of handles and/or

single-colored leather borders and shiny metal hardware had been advertised and offered for sale and

sold and had become extremely popular following a launch and advertising campaign in July 2003,

defendant Dooney introduced another group of "It Bag" knock-offs, which featured bright, multi-

colored logo designs, including overlapping monogram initials on a black background, with leather

straps or handles and/or single-colored leather borders and shiny gold metal hardware. Defendant

Dooney's "It Bag" Handbags are collectively referred to as the "Infringing Handbags". Copies of

defendant Dooney's advertisements and pictures from its website, www.dooney.com, the Infringing

Handbags are attached as Exhibit FF.

     51.     The close resemblance between the Louis Vuitton Toile Monogram Murakami

Handbags -- the genuine "It Bags" of 2003 -- and defendant Dooney's so-called "It Bags" is not a

mere coincidence. As one fashion commentator observed in an August 31, 2003 article in The

Hartford Courant entitled "Louis-Louis, It's Not Your Bag":

> Imitation is the sincerest form of flattery. That might be the second thing that
> pops into your head when you see the new Dooney & Bourke bags created for
> the teen market. The first thing is how the styles and color combinations so
> closely resemble Louis Vuitton's wildly popular Murakami collection
> (playfully colorful logo set on a snowy white field).

A copy of the August 31, 2003 The Hartford Courant article is attached as Exhibit GG.

     52.     A July 2, 2003 article in WWD written in advance of the launch of the Dooney

handbag line also observed that Dooney's Infringing Handbags were strikingly similar to the genuine

Louis Vuitton Toile Monogram Murakami Handbags and Toile Monogram Multicolore Trademarks:

> With their white background and colored logos, the look is similar to the
> Louis Vuitton Takashi Murakami bag that has been a hot seller this season.

20

A copy of the July 2, 2003 <u>WWD</u> article is attached as Exhibit HH.

53.    An August 27, 2003 <u>The United Press International</u> ("UPI") article about the Louis Vuitton Toile Monogram Murakami Handbags reported that the Dooney "It Bag" appeared to be a knockoff of the famous Louis Vuitton Toile Monogram Murakami Handbags featuring the Louis Vuitton Toile Monogram Multicolore Trademarks:

> But fear not. Even if the status symbol bag isn't within the budget or not readily available, there are plenty of knock-offs, some equally if not more attractive than the original.
>
> Take Dooney & Bourke, for instance. The Connecticut-based bag maker launched its so-called "It" bag collection this month, which <u>looks uncannily like Vuitton's Murakami line</u>. Made with cream-colored leather, the six different bags in the collection all have beige calfskin handles as well as buckles. . . .

(Emphasis supplied).  A copy of the referenced <u>UPI</u> article is attached as Exhibit II.

54.    Consumers who have purchased the defendant Dooney's "It Bags" also have acknowledged the striking similarity of the defendant Dooney's so-called "It Bag" to the Louis Vuitton Toile Monogram Murakami Handbags and have touted their close similarity to the Louis Vuitton Toile Monogram Murakami Handbags <u>as a selling point</u>.  For example, consumers reselling defendant Dooney "It Bags" on eBay have acknowledged that: "The Multicolore look, looks very similar to the Louis Vuitton Murakami bags." Another consumer reseller posted an advertisement on eBay for a defendant Dooney "It Bag" and asserted that: "THIS PURSE RESEMBLES THE LOUIS VUITTON MURAKAMI COLLECTION."  Copies of certain eBay auction listings demonstrating this point are attached as Exhibit JJ.

55.    Survey research also has confirmed that the actual confusion caused by defendant Dooney's so-called "It Bags" with respect to plaintiff Louis Vuitton's Toile Monogram Murakami Handbags and the Louis Vuitton Toile Monogram Multicolore Trademarks and how the defendant Dooney's knockoff "It Bags" mislead one-quarter of the relevant consumer groups into incorrectly

21

believing that defendant Dooney's Infringing Handbags with bright multi-colored overlapping initial designs originate from, or are sponsored or approved by, plaintiff Louis Vuitton.

56.    Upon information and belief, defendant Dooney was and is knowingly manufacturing, distributing, selling and offering for sale substantial quantities of its Infringing Handbags with the knowledge that such goods have been and will be mistaken or confused with the genuine Louis Vuitton designs offered for sale by plaintiff Louis Vuitton featuring the Louis Vuitton Toile Monogram Multicolore Trademarks. The effect of defendant Dooney's actions has been and will be to confuse consumers into believing that defendant Dooney's Infringing Handbags are genuine and originate from plaintiff Louis Vuitton.

57.    Upon information and belief, defendant Dooney has been and is conducting its infringing activities within this district and elsewhere throughout the United States. As a result, defendant Dooney has been and is misleading the consuming public and plaintiff Louis Vuitton for defendant Dooney's own benefit.

58.    Defendant Dooney's use of the Louis Vuitton Toile Monogram and Toile Monogram Multicolore Trademarks, including its manufacture, promotion, advertising, distribution, sale and offering for sale of its Infringing Handbags, is without plaintiff Louis Vuitton's consent or authorization.

59.    The Louis Vuitton Trademarks have never been assigned or licensed to defendant Dooney.

60.    Defendant Dooney's infringing activities have caused and are likely to cause confusion, deception and mistake in the minds of consumers, the public and the trade. Moreover, defendant Dooney's wrongful conduct is likely to create a false impression and deceive customers, the public and the trade into believing that there is some connection, authorization, or association

22

between the plaintiff Louis Vuitton or its genuine goods and defendant Dooney's Infringing Handbags.

61.    Defendant Dooney has been and is engaging in the above-described unlawful activities knowingly and intentionally or with reckless disregard for or willful blindness to plaintiff Louis Vuitton's rights for the purpose of trading on the goodwill and reputation of plaintiff Louis Vuitton. If defendant Dooney's infringing activities are not preliminarily and permanently enjoined by this Court, plaintiff Louis Vuitton and the consuming public will continue to be damaged, and Louis Vuitton will continue to suffer irreparable harm and injury.

### FIRST CLAIM FOR RELIEF
### TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

62.    Plaintiff Louis Vuitton hereby repeats and realleges, as if fully set forth herein, the allegations set forth in paragraphs 1 through 62, above.

63.    In or about late August 2003, defendant Dooney, without plaintiff Louis Vuitton's consent, first advertised, sold or offered for sale its Infringing Handbags in interstate commerce throughout the United States, thereby infringing the Louis Vuitton Trademarks.

64.    Defendant Dooney has been and is manufacturing, advertising, distributing, selling and offering for sale Infringing Handbags bearing infringing imitations of the Louis Vuitton Trademarks. Defendant Dooney has been and is continuously infringing and inducing others to infringe the Louis Vuitton Trademarks through such acts.

65.    Defendant Dooney's infringing activities are likely to cause and are causing confusion, mistake and deception among the general consuming public and trade as to the origin and quality of defendant Dooney's Infringing Handbags.

66.    Defendant Dooney's unlawful actions have caused and are continuing to cause actual damages to the plaintiff Louis Vuitton in an amount which is difficult to quantify.

23

67.    Defendant Dooney's above-described unlawful actions constitute infringement of the Louis Vuitton Trademarks in violation of plaintiff Louis Vuitton's rights under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

68.    Defendant Dooney has been and is infringing the Louis Vuitton Trademarks with full knowledge of or at least willful disregard for plaintiff Louis Vuitton's exclusive rights in the Louis Vuitton Trademarks and knowing that the marks are associated exclusively with plaintiff Louis Vuitton and designate goods of plaintiff Louis Vuitton. Defendant Dooney's conduct is intentional, willful, wanton, fraudulent and malicious, and is undertaken with an intent to reap the benefit of plaintiff Louis Vuitton's goodwill and the fame and notoriety of its well-known Louis Vuitton Trademarks.

69.    Defendant Dooney's conduct is causing immediate and irreparable injury to Plaintiff Louis Vuitton, and to its goodwill and reputation, and, unless enjoined by this Court, will continue to both irreparably harm plaintiff Louis Vuitton and deceive the public.

70.    Plaintiff Louis Vuitton has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## FALSE DESIGNATION OF ORIGIN
## AND UNFAIR COMPETITION (15 U.S.C. § 1125(a))

71.    Plaintiff Louis Vuitton hereby repeats and realleges, as if fully set forth herein, the allegations set forth in paragraphs 1 through 71, above.

72.    Defendant Dooney's Infringing Handbags have been and are advertised and sold in interstate commerce throughout the United States.

73.    The use of designs and logos on Defendant Dooney's Infringing Handbags that are confusingly similar to the Louis Vuitton Trademarks was and is a deliberate attempt to imitate the Plaintiff Louis Vuitton's genuine goods.

24

74.     Defendant Dooney's Infringing Handbags bear a striking resemblance to and are obvious imitations of the Louis Vuitton Trademarks and the Louis Vuitton Toile Monogram Multicolore Trademarks.

75.     The Infringing Handbags create the same general overall impression as the Louis Vuitton Toile Monogram Multicolore Trademarks.

76.     Upon information and belief, recently and after the extensive advertising, publicity and promotion received by Louis Vuitton with respect to its Louis Vuitton Toile Monogram Murakami Handbags and Toile Monogram Multicolore Trademarks, defendant Dooney commenced the manufacture, offering for sale, sale and distribution of its Infringing Handbags which were intentionally created to be identified with, similar to, and to imitate the Louis Vuitton Trademarks and the Louis Vuitton Toile Monogram Multicolore Trademarks.

77.     Defendant Dooney's activities are likely to cause confusion among the general public and in the trade as to the origin and sponsorship of Dooney's Infringing Handbags.

78.     Defendant Dooney has used false designations of origin and false descriptions and representations in connection with its sale of Infringing Handbags, including words or other symbols which tend to falsely describe or represent such goods.  Upon information and belief, defendant Dooney has caused its Infringing Handbags to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of plaintiff Louis Vuitton.

79.     Defendant Dooney's infringing and unlawful actions violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

80.     Defendant Dooney's conduct is causing immediate and irreparable injury to plaintiff Louis Vuitton and to its good will and reputation and, unless enjoined by this Court, will continue to both irreparably harm plaintiff Louis Vuitton and deceive the public.

25

81.     Plaintiff Louis Vuitton has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### FEDERAL TRADEMARK DILUTION (15 U.S.C. § 1125(c)(1))

82.     Plaintiff Louis Vuitton hereby repeats and realleges, as if fully set forth herein, the allegations set forth in paragraphs 1 through 82, above.

83.     Prior to late August 2003, plaintiff Louis Vuitton's Louis Vuitton Trademarks had become famous and well-known throughout the United States, and within the meaning of 15 U.S.C. § 1125(c).  By reason of plaintiff Louis Vuitton's extensive advertising and promotion of the Louis Vuitton Trademarks, plaintiff Louis Vuitton's sale of goods bearing the Louis Vuitton Trademarks, the registration and protection of the Louis Vuitton Trademarks, and extensive unsolicited news and editorial coverage, the Louis Vuitton Trademarks have become famous and well known and are uniquely and exclusively associated with plaintiff Louis Vuitton and branded Louis Vuitton designer fashion accessories and apparel.

84.     Prior to late August 2003, plaintiff Louis Vuitton's Louis Vuitton Toile Monogram and Toile Monogram Multicolore Trademarks had become famous and well-known throughout the United States and within the meaning of 15 U.S.C. § 1125(c), having received unprecedented and unsolicited national and worldwide publicity and popularity.

85.     Upon information and belief, defendant Dooney is and has been engaged in commercial use of the Louis Vuitton Trademarks in interstate commerce.

86.     Upon information and belief, defendant Dooney's above-described unlawful activities have caused actual dilution and have disparaged, damaged and blurred and lessened the distinctiveness of the Louis Vuitton Trademarks by blurring and tarnishing them.

87.     Upon information and belief, defendant Dooney's infringing and diluting actions have been engaged in intentionally or with a reckless disregard for or willful blindness to plaintiff

26

Louis Vuitton's rights for the express purpose of trading on the plaintiff Louis Vuitton's reputation and diluting the Louis Vuitton Trademarks.

88.     Defendant Dooney's conduct is causing immediate and irreparable injury to plaintiff Louis Vuitton and to its good will and reputation and, unless enjoined by this Court, will continue to both irreparably harm plaintiff Louis Vuitton and deceive the public.

89.     Plaintiff Louis Vuitton has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
## COMMON LAW TRADEMARK INFRINGEMENT

90.     Plaintiff Louis Vuitton repeats and realleges, as if fully set forth herein, the allegations of paragraphs 1 through 90, above.

91.     Defendant Dooney has manufactured, advertised, offered for sale and sold, and distributed in commerce the Infringing Handbags, without plaintiff Louis Vuitton's consent, thereby infringing the Louis Vuitton Trademarks and the Louis Vuitton Toile Monogram Multicolore Trademarks.

92.     As a result of the confusing similarity of the spurious trademarks employed by defendant Dooney and defendant Dooney's other conduct described above, the manufacture, advertising, offering for sale and sale, and distribution of the Infringing Handbags by defendant Dooney constitutes infringement of plaintiff Louis Vuitton's exclusive common-law rights in and to the Louis Vuitton Trademarks and the Louis Vuitton Toile Monogram Multicolore Trademarks in that such use is likely to cause and has caused confusion, deception and mistake in the minds of the public with respect to the origin, source and affiliation of the Infringing Handbags.

93.     Defendant Dooney's use of marks identical and/or confusingly similar to plaintiff's Louis Vuitton Trademarks and the Louis Vuitton Toile Monogram Multicolore Trademarks to identify the Infringing Handbags and defendant Dooney's other conduct described above, has been and continues to violate and infringe plaintiff Louis Vuitton's common-law trademark rights in and

27

to the Louis Vuitton Trademarks and the Louis Vuitton Toile Monogram Multicolore Trademarks,
and constitutes common-law trademark infringement under New York law.

94.      Defendant Dooney's misconduct is causing immediate and irreparable injury to
plaintiff Louis Vuitton and to its good will and reputation and, unless enjoined by this Court, will
continue to both irreparably harm plaintiff Louis Vuitton and deceive the public.

95.      Plaintiff Louis Vuitton has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION

96.      Plaintiff Louis Vuitton repeats and realleges, as if fully set forth herein, the
allegations of paragraphs 1 through 96, above.

97.      Defendant Dooney's use of marks identical and/or confusingly similar to the Louis
Vuitton Trademarks and the Louis Vuitton Toile Monogram Multicolore Trademarks and defendant
Dooney's other conduct described above falsely suggests an association with, or sponsorship, license
or authorization from, plaintiff Louis Vuitton.

98.      Upon information and belief, defendant Dooney's use of marks identical and/or
confusingly similar to the Louis Vuitton Trademarks and the Louis Vuitton Toile Monogram
Multicolore Trademarks and its other conduct discussed above, was calculated to deceive or confuse
the public and to enable defendant Dooney to profit unjustly from the goodwill of plaintiff Louis
Vuitton in the Louis Vuitton Trademarks and the Louis Vuitton Toile Monogram Multicolore
Trademarks. Defendant Dooney's actions constitute unfair competition with plaintiff Louis Vuitton
under the common law of the State of New York.

99.      Defendant Dooney's unfair competition is causing immediate and irreparable injury
to plaintiff Louis Vuitton and to its good will and reputation and, unless enjoined by this Court, will
continue to both irreparably harm plaintiff Louis Vuitton and deceive the public.

100.     Plaintiff Louis Vuitton has no adequate remedy at law.

28

## SIXTH CLAIM FOR RELIEF
## VIOLATION OF SECTION 360-1 OF THE NEW YORK GENERAL BUSINESS LAW

101.    Plaintiff Louis Vuitton repeats and realleges, as if fully set forth herein, the allegations of paragraphs 1 through 101, above.

102.    The Louis Vuitton Trademarks and the Louis Vuitton Toile Monogram Multicolore Trademarks are distinctive and have acquired secondary meaning in the marketplace.

103.    Defendant Dooney's use of marks identical and/or confusingly similar to the Louis Vuitton Trademarks and the Toile Monogram Multicolore Trademarks have reduced their selling power and diminished their ability to serve as source and product identifiers.

104.    Defendant Dooney's use of marks identical and/or confusingly similar to the Louis Vuitton Trademarks and the Toile Monogram Multicolore Trademarks, and its other conduct discussed above, has tarnished and reduced the reputation and standing of the Louis Vuitton Trademarks and the Toile Monogram Multicolore Trademarks in the eyes of consumers as identifiers of plaintiff Louis Vuitton's designs.

105.    Defendant Dooney's trademark dilution violates Section 360-1 of the New York General Business Law.

106.    As a direct and proximate result of Defendant Dooney's willful and wanton dilution and misconduct, plaintiff Louis Vuitton's business reputation and the good will associated with the Louis Vuitton Trademarks and the Toile Monogram Multicolore Trademarks and the favorable associations that consumers and the public make with the Louis Vuitton Trademarks and the Toile Monogram Multicolore Trademarks have been impaired and diminished and the Louis Vuitton Trademarks have been tarnished.

107.    Defendant Dooney's dilution and misconduct is causing immediate and irreparable injury to plaintiff Louis Vuitton and to its good will and reputation and, unless enjoined by this Court, will continue to both irreparably harm plaintiff Louis Vuitton and deceive the public.

TRA 1885732v3

108.    Plaintiff Louis Vuitton has no adequate remedy at law.

WHEREFORE, plaintiff Louis Vuitton seeks judgment as follows:

A.    Preliminarily, during the pendency of this action, and permanently after final hearing, enjoining defendant Dooney, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them: (l) from using in any way any of the Louis Vuitton Trademarks, including the Louis Vuitton Toile Monogram Multicolore Trademarks, any designation or design so similar as to be likely to cause confusion, mistake or deception with, or to dilute in any way, the Louis Vuitton Trademarks, including the Louis Vuitton Toile Monogram Multicolore Trademarks, including but not limited to the trademarks featured on the Infringing Handbags, and (2) from unfairly competing with plaintiff Louis Vuitton in any manner;

B.    Ordering defendant Dooney to sequester, forfeit and deliver up for destruction all Infringing Handbags and components thereof in their possession, custody, or control, or in the possession, custody or control of any of their agents or representatives;

C.    Requiring defendant Dooney to compensate plaintiff Louis Vuitton for the actual damages it has sustained from defendant Dooney's infringement and dilution of the Louis Vuitton Trademarks, including the Louis Vuitton Toile Monogram Multicolore Trademarks and from defendant Dooney's unfair competition by virtue of its manufacture, importation, exportation, offering for sale, sales and distribution of the Infringing Handbags;

D.    Preliminarily, during the pendency of this action, and permanently after final hearing, enjoining defendant Dooney, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them, from using in any way any colorable imitation of any of the Louis Vuitton Trademarks, including the Louis Vuitton Toile Monogram Multicolore Trademarks or designations confusingly similar thereto or likely to dilute any of their

TRA 1885732v3

distinctiveness or to cause injury to plaintiff Louis Vuitton's business reputation, and from unfairly competing with plaintiff Louis Vuitton in any other manner;

E.    Requiring defendant Dooney to account for and pay over to plaintiff Louis Vuitton all gains, profits and advantages derived by defendant Dooney from its trademark infringement and unfair competition;

F.    Ordering defendant Dooney to pay as damages for its misconduct alleged herein a sum equal to three times the amount of the actual damages suffered by plaintiff Louis Vuitton or three times the amount of defendant Dooney's wrongful profits;

G.    Ordering defendant Dooney to pay an appropriate amount as punitive damages to deter further willful and wanton misconduct, to prevent future confusion or deception of the public, and to prevent and deter future unfair competition with plaintiff Louis Vuitton;

H.    Ordering defendant Dooney to pay for corrective advertising in each and every publication or medium in which any of the Infringing Handbags has been advertised, with those corrective advertisements to be of comparable size, cost and duration to defendant Dooney's advertising;

I.    Directing that defendant Dooney deliver up for destruction all catalogues, advertising and promotional materials in its possession, custody or control, or in the possession, custody or control of any of its agents, which feature any of the Infringing Handbags or which the Court shall find to have facilitated defendant Dooney's acts of unfair competition with plaintiff or its dilution of the Louis Vuitton Trademarks, including the Louis Vuitton Toile Monogram Multicolore Trademarks;

J.    Awarding plaintiff Louis Vuitton its costs, attorneys' fees, and investigators' fees incurred in this action, in part because defendant Dooney's intentional and willful misconduct makes this an "exceptional case;"

K.    Awarding plaintiff Louis Vuitton prejudgment interest; and,

31

L.    Granting plaintiff Louis Vuitton such alternative or additional relief that the Court may deem just and proper or which the interests of justice may suggest or require.

## JURY DEMAND

Plaintiff Louis Vuitton demands trial by jury of the claims of its assertions in this action.

Dated:    April 19, 2004
          New York, New York

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
AND POPEO, P.C.

By:

Theodore C. Max (TM 1742)
Charles A. LeGrand (CL 5320)
Darci J. Bailey (DB 8715)
666 Third Avenue
New York, New York 10017
(212) 935-3000

Attorneys for Plaintiff Louis Vuitton Malletier

32

RECYCLED

Exhibit A



## UNITED STATES PATENT AND TRADEMARK OFFICE

| Home | Index | Search | System Alerts | eBusiness Center | News & Notices | Contact Us |

## Trademark Electronic Search System(Tess)

*TESS was last updated on Thu Apr 15 04:35:00 EDT 2004*

| PTO HOME | TRADEMARK | TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | BOTTOM | HELP |

**Logout** Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

**Check Status** *(TARR contains current status, correspondence address and attorney of record for this mark. Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | VL |
| **Goods and Services** | IC 018. US 003. G & S: TRUNKS, VALISES, TRAVELING BAGS, SATCHELS, HAT BOXES AND SHOE BOXES USED FOR LUGGAGE, HAND BAGS, AND POCKETBOOKS. FIRST USE: 18970000. FIRST USE IN COMMERCE: 18970000 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 250325 260107 260121 260128 260713 260728 261121 |
| **Serial Number** | 71313983 |
| **Filing Date** | April 29, 1931 |
| **Current Filing Basis** | 1A;44E |
| **Original Filing Basis** | 1A;44E |
| **Registration Number** | 0297594 |
| **Registration Date** | September 20, 1932 |
| **Owner** | (REGISTRANT) VUITTON & VUITTON, SOCIETE A RESPONSABILITE LIMITEE CORPORATION FRANCE 70 AVENUE DES CHAMPS-ELYSEES PARIS FRANCE |

(LAST LISTED OWNER) LOUIS VUITTON MALLETIER CORPORATION
ASSIGNEE OF FRANCE 54, AVENUE MONTAIGNE 75008 PARIS FRANCE

| | |
|---|---|
| **Assignment Recorded** | ASSIGNMENT RECORDED |
| **Attorney of Record** | MONTIA GIVENS PRESSEY |
| **Disclaimer** | THE REPRESENTATION OF A TRUCK LINING OR A SECTION THEREOF BEING HEREBY DISCLAIMED. |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 12C. SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20030129. |
| **Renewal** | 4TH RENEWAL 20030129 |
| **Live/Dead Indicator** | LIVE |

PTO HOME  TRADEMARK  TESS HOME  NEW USER  STRUCTURED  FREE FORM  BROWSE DICT  TOP  HELP

HOME | INDEX | SEARCH | SYSTEM ALERTS | BUSINESS CENTER | NEWS&NOTICES |
CONTACT US | PRIVACY STATEMENT

Int. Cl.: 18

Prior U.S. Cl.: 3

# United States Patent and Trademark Office

Reg. No. 1,643,625
Registered May 7, 1991

## TRADEMARK
## PRINCIPAL REGISTER



LOUIS VUITTON (FRANCE CORPORATION)
30 RUE LA BOETIE
PARIS, FRANCE

FOR: LEATHER AND IMITATION LEATHER PRODUCTS, NAMELY TRAVELING BAGS, HAND BAGS, SHOULDER BAGS USED FOR LUGGAGE AND SHOPPING BAGS AND BEACH BAGS IN THE NATURE OF LUGGAGE, IN CLASS 18 (U.S. CL. 3).

FIRST USE 12-31-1959; IN COMMERCE 12-31-1959.

PRIORITY CLAIMED UNDER SEC. 44(D) ON FRANCE APPLICATION NO. 145653, FILED 7-25-1989, REG. NO. 1453055, DATED 7-25-1989, EXPIRES 7-25-1999.

OWNER OF U.S. REG. NOS. 286,345, 1,522,311 AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE THE OVERALL SHAPE OF THE BAG, THE STRAP OR THE DRAWSTRINGS, APART FROM THE MARK AS SHOWN.

THE DRAWING IS LINED FOR THE COLORS YELLOW AND DARK BROWN.

THE MATERIAL IN DOTTED LINES IS USED TO SHOW POSITIONING OF THE MARK.

SER. NO. 74–022,168, FILED 1-24-1990.

TERESA M. RUPP, EXAMINING ATTORNEY

Int. Cl.: 18

Prior U.S. Cl.: 3

Reg. No. 1,653,663

# United States Patent and Trademark Office

Registered Aug. 13, 1991

## TRADEMARK
### PRINCIPAL REGISTER



LOUIS VUITTON (FRANCE CORPORATION)
30 RUE LA BOETIE
75008 PARIS, FRANCE

FOR: LEATHER AND IMITATION LEATHER PRODUCTS NAMELY TRAVELING BAGS, HAND BAGS, SHOULDER BAGS USED FOR LUGGAGE AND SHOPPING BAGS AND BEACH BAGS IN THE NATURE OF LUGGAGE, IN CLASS 18 (U.S. CL. 3).

FIRST USE 12-31-1959; IN COMMERCE 12-31-1959.

OWNER OF FRANCE REG. NO. 1548349, DATED 8-29-1989, EXPIRES 8-29-1999.

OWNER OF U.S. REG. NOS. 286,345, 1,574,197 AND OTHERS.

THE APPLICANT HEREBY CLAIMS THE YELLOW COLOR USED FOR THE FLORAL DECORATION AND THE LETTERS AND THE DEEP CHESTNUT COLOR OF THE BACKGROUND OF THE FABRIC WHICH COMPRISES PART OF THE MARK.

THE FLOWER DESIGN AND THE LETTERS "LV" APPEAR IN THE COLOR YELLOW AND THE COLOR YELLOW IS CLAIMED AS A FEATURE OF THE MARK AS IS THE DARK BROWN WHICH FORMS THE GROUND ON WHICH THE LETTERS AND FLOWER DESIGN APPEAR. THE MATERIAL IN DOTTED LINES IS USED TO SHOWN POSITIONING OF THE MARK AND NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO THE OVERALL SHAPE OF THE BAG, THE STRAPS OR THE HANDLE.

SER. NO. 74-042,919, FILED 3-22-1990.

TERESA M. RUPP, EXAMINING ATTORNEY

Int. Cl.: 25

Prior U.S. Cl.: 39

**United States Patent and Trademark Office**

Reg. No. 1,770,131
Registered May 11, 1993

## TRADEMARK
### PRINCIPAL REGISTER



LOUIS VUITTON (FRANCE CORPORATION)
54 AVENUE MONTAIGNE
75008 PARIS, FRANCE

  FOR: CLOTHING FOR MEN AND WOMEN; NAMELY, BELTS, SHAWLS, SASHES, SCARVES; FOOTWEAR, TIPS FOR FOOT-WEAR; HEADGEAR, IN CLASS 25 (U.S. CL. 39).

OWNER OF FRANCE REG. NO. 1498338, DATED 11-15-1988, EXPIRES 11-15-1998.

OWNER OF U.S. REG. NO. 1,415,502.

SER. NO. 74-148,017, FILED 3-15-1991.

PATRICK, LEVY, EXAMINING ATTORNEY

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

Reg. No. 2,399,161

United States Patent and Trademark Office

Registered Oct. 31, 2000

## TRADEMARK
## PRINCIPAL REGISTER



LOUIS VUITTON MALLETIER (FRANCE CORPORA-
TION)
2 RUE DU PONT-NEUF
75001 PARIS, FRANCE

FOR: CLOTHING AND UNDERWEAR, NAMELY,
SWEATERS, SHIRTS, SWEATSHIRTS, POLO SHIRTS,
T-SHIRTS, CORSETS, SUITS, WAISTCOATS, RAIN-
COATS, SKIRTS, COATS, PULLOVERS, TROUSERS,
DRESSES, JACKETS, SHAWLS, STOLES, SASHES
FOR WEAR, SCARVES, NECKTIES, POCKET
SQUARES, SUSPENDERS, POCKET HAND-
KERCHIEFS, BRACES, GLOVES, TIES, BELTS,
STOCKINGS, TIGHTS, SOCKS, BATH ROBES,
BATHING SUITS, SHOES, BOOTS AND SANDALS,

TIPS FOR FOOTWEAR; HATS AND CAPS, IN CLASS
25 (U.S. CLS. 22 AND 39).

FIRST USE 0–0–1896; IN COMMERCE 0–0–1981.
OWNER OF U.S. REG. NOS. 1,655,564, 1,875,198
AND OTHERS.

THE MARK CONSISTS OF A REPEATING PAT-
TERN DESIGN COVERING ALL OR SUBSTAN-
TIALLY ALL OF THE SURFACE OF THE GOODS.
THE MARK INCLUDES THE LETTERS LV AND
FLOWER-LIKE DESIGNS ON A DARK BACK-
GROUND.

SER. NO. 75–620,248, FILED 1–13–1999.

INGRID C. EULIN, EXAMINING ATTORNEY

Int. Cls.: 14, 18 and 25

Prior U.S. Cls.: 1, 2, 3, 22, 27, 28, 39, 41 and 50

Reg. No. 2,181,753

United States Patent and Trademark Office    Registered Aug. 18, 1998

## TRADEMARK
### PRINCIPAL REGISTER



LOUIS VUITTON MALLETIER (FRANCE COR-
PORATION)
54, AVENUE MONTAIGNE
75008 PARIS, FRANCE

FOR: GOODS MADE OF PRECIOUS
METALS, NAMELY, SHOE ORNAMENTS, HAT
ORNAMENTS, ORNAMENTAL PINS, ASH-
TRAYS FOR SMOKERS, DECORATIVE BOXES,
POWDER COMPACTS OF PRECIOUS METAL,
JEWELRY CASES; JEWELRY, NAMELY,
RINGS, KEY RINGS, BELT BUCKLES, EAR
RINGS, CUFFLINKS, BRACELETS, CHARMS,
BROOCHES, NECKLACES, TIE PINS, MEDAL-
LIONS; HOROLOGICAL AND CHRONOME-
TRIC INSTRUMENTS, STRAPS FOR WATCH-
ES, WATCHES AND WRIST-WATCHES, CASES
FOR WATCHES, IN CLASS 14 (U.S. CLS. 2, 27,
28 AND 50).

FOR: GOODS MADE OF LEATHER OR IMI-
TATIONS OF LEATHER ARE NOT INCLUDED
IN OTHER CLASSES, NAMELY, BOXES MADE
FROM LEATHER OR LEATHERBOARD, EN-
VELOPES OF LEATHER FOR PACKAGING;
TRUNKS, VALISES, TRAVELING BAGS, LUG-
GAGE FOR TRAVEL, GARMENT BAGS FOR
TRAVEL, VANITY CASES SOLD EMPTY,
RUCKSACKS, HAND BAGS, BEACH BAGS,
SHOPPING BAGS, SHOULDER BAGS, ATTA-

CHE CASES, BRIEFCASES, DRAW STRING
POUCHES; AND FINE LEATHER GOODS,
NAMELY, POCKET WALLETS, PURSES,
LEATHER KEY HOLDERS, BUSINESS CARD
CASES, CALLING CARD CASES, AND
CREDIT CARD CASES, UMBRELLAS, PARA-
SOLS, CANES, AND WALKING-STICK SEATS,
IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FOR: CLOTHING AND UNDERWEAR,
NAMELY, SWEATERS, SHIRTS, CORSETS,
SUITS, WAISTCOATS, RAINCOATS, SKIRTS,
COATS, PULLOVERS, TROUSERS, DRESSES,
JACKETS, SHAWLS, STOLES, SASHES FOR
WEAR, SCARVES, NECKTIES, POCKET
SQUARES, SUSPENDERS, GLOVES, BELTS,
STOCKINGS, TIGHTS, SOCKS, BATH ROBES,
SHOES, BOOTS AND SANDALS, HATS AND
CAPS, IN CLASS 25 (U.S. CLS. 22 AND 39).

PRIORITY CLAIMED UNDER SEC. 44(D) ON
FRANCE APPLICATION NO. 96/612504, FILED
2-23-1996, REG. NO. 96612504, DATED 2-23-1996,
EXPIRES 2-23-2006.

OWNER OF U.S. REG. NOS. 1,643,625, 1,875,198
AND OTHERS.

SER. NO. 75-141,789, FILED 8-1-1996.

JASON TURNER, EXAMINING ATTORNEY

Int. Cls.: 14, 18 and 25

Prior U.S. Cls.: 1, 2, 3, 22, 27, 28, 39, 41 and 50

**United States Patent and Trademark Office**

Reg. No. 2,177,828

Registered Aug. 4, 1998

## TRADEMARK
### PRINCIPAL REGISTER



LOUIS VUITTON MALLETIER (FRANCE COR-
PORATION)
54, AVENUE MONTAIGNE
75008 PARIS, FRANCE

FOR: GOODS MADE OF PRECIOUS
METALS, NAMELY, SHOE ORNAMENTS, HAT
ORNAMENTS, ORNAMENTAL PINS, ASH-
TRAYS FOR SMOKERS, DECORATIVE BOXES,
POWDER COMPACTS OF PRECIOUS METAL,
JEWELRY CASES; JEWELRY, NAMELY,
RINGS, KEY RINGS, BELT BUCKLES, EAR
RINGS, CUFFLINKS, BRACELETS, CHARMS,
BROOCHES, NECKLACES, TIE PINS, MEDAL-
LIONS; HOROLOGICAL AND CHRONOME-
TRIC INSTRUMENTS, STRAPS FOR WATCH-
ES, WATCHES AND WRIST-WATCHES, CASES
FOR WATCHES, IN CLASS 14 (U.S. CLS. 2, 27,
28 AND 50).

FOR: GOODS MADE OF LEATHER OR IMI-
TATIONS OF LEATHER ARE NOT INCLUDED
IN OTHER CLASSES, NAMELY, BOXES MADE
FROM LEATHER OR LEATHERBOARD, EN-
VELOPES OF LEATHER FOR PACKAGING;
TRUNKS, VALISES, TRAVELING BAGS, LUG-
GAGE FOR TRAVEL, GARMENT BAGS FOR
TRAVEL, VANITY CASES SOLD EMPTY,
RUCKSACKS, HAND BAGS, BEACH BAGS,
SHOPPING BAGS, SHOULDER BAGS, ATTA-
CHE CASES, BRIEFCASES, DRAW STRING
POUCHES, AND FINE LEATHER GOODS,
NAMELY, POCKET WALLETS, PURSES,
LEATHER KEY HOLDERS, BUSINESS CARD
CASES, CALLING CARD CASES, AND
CREDIT CARD CASES, UMBRELLAS, PARA-
SOLS, CANES, AND WALKING-STICK SEATS,
IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FOR: CLOTHING AND UNDERWEAR,
NAMELY, SWEATERS, SHIRTS, CORSETS,
SUITS, WAISTCOATS, RAINCOATS, SKIRTS,
COATS, PULLOVERS, TROUSERS, DRESSES,
JACKETS, SHAWLS, STOLES, SASHES FOR
WEAR, SCARVES, NECKTIES, POCKET
SQUARES, SUSPENDERS, GLOVES, BELTS,
STOCKINGS, TIGHTS, SOCKS, BATH ROBES,
SHOES, BOOTS AND SANDALS, HATS AND
CAPS, IN CLASS 25 (U.S. CLS. 22 AND 39).

PRIORITY CLAIMED UNDER SEC. 44(D) ON
FRANCE APPLICATION NO. 96/612502, FILED
2–23–1996, REG. NO. 96612502, DATED 2–23–1996,
EXPIRES 2–23–2006.

OWNER OF U.S. REG. NOS. 1,643,625, 1,875,198
AND OTHERS.

SER. NO. 75–143,799, FILED 8–1–1996.

JASON TURNER, EXAMINING ATTORNEY



## Trademark Electronic Search System(Tess)

*TESS was last updated on Tue Mar 23 04:31:01 EST 2004*

| PTO HOME | TRADEMARK | TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | BOTTOM | HELP |

**Logout** Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

**Check Status** *(TARR contains current status, correspondence address and attorney of record for this mark. Use the "Back" button of the Internet Browser to return to TESS)*



**Goods and Services**
IC 014. US 002 027 028 050. G & S: Jewelry including rings, belt buckles of precious metals, earrings, cuff links, bracelets, charms, brooches, necklaces, tie pins, ornamental pins, and medallions; horological and chronometric instruments and apparatus, namely, watches, watch cases and clocks; nutcrackers of precious metals; candlesticks of precious metals, jewelry boxes of precious metals. FIRST USE: 19990000. FIRST USE IN COMMERCE: 19990000

IC 018. US 001 002 003 022 041. G & S: Travel bags, travel bags made of leather; luggage trunks and valises, garment bags for travel, vanity-cases sold empty; rucksacks, shoulder bags, handbags; attache-cases, briefcases, drawstring pouches, pocket wallets, purses, umbrellas, business card cases made of leather or of imitation leather, credit card cases made of leather or of imitation leather; calling card cases made of leather or of imitation leather. FIRST USE: 18990000. FIRST USE IN COMMERCE: 18990000

IC 025. US 022 039. G & S: Clothing, namely, underwear, sweaters, shirts, T-shirts, suits, hosiery, belts, scarves, neck ties, shawls, waistcoats, skirts, raincoats, overcoats, suspenders, trousers, jeans, pullovers, frocks, jackets, winter gloves, dress gloves, tights, socks, bathing suits, bath robes, pajamas, night dresses, shorts, pocket squares; high-heeled shoes, low-heeled shoes, sandals, boots, slippers, tennis shoes; hats, caps, headbands. FIRST USE: 19740000. FIRST USE IN COMMERCE: 19740000

**Mark Drawing Code**
(2) DESIGN ONLY

| | |
|---|---|
| **Design Search Code** | 190720 |
| **Serial Number** | 76364597 |
| **Filing Date** | January 31, 2002 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | July 22, 2003 |
| **Registration Number** | 2773107 |
| **Registration Date** | October 14, 2003 |
| **Owner** | (REGISTRANT) Louis Vuitton Malletier CORPORATION FRANCE 2, rue du Pont-Neuf 75001 Paris FRANCE |
| **Attorney of Record** | Montia Givens Pressey |
| **Prior Registrations** | 2177828 |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| PTO HOME | TRADEMARK | TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | TOP | HELP |

**HOME | INDEX | SEARCH | SYSTEM ALERTS | BUSINESS CENTER | NEWS&NOTICES | CONTACT US | PRIVACY STATEMENT**

Exhibit B