**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------X
                         :

**LOUIS VUITTON MALLETIER,**      :

             **Plaintiff,**    :

                         :    **MEMORANDUM OPINION**

  **- against -**            :     **AND ORDER**

                         :

**DOONEY & BOURKE, INC.,**     :    **04 Civ. 2990 (SAS)**

                         :

            **Defendant.**    :

                         :
-----------------------------------------------------X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

       Louis Vuitton Malletier ("Louis Vuitton") seeks reconsideration and modification of this Court's Opinion & Order dated April 24, 2007 ("April 24 Opinion")[1] "to the extent that it exclusively requires proof of 'wilful deceit' in order for an award of profits" for trademark infringement.[2]  Specifically, Louis Vuitton "requests that the words 'bad faith *or*' be inserted in the last line of the Opinion & Order on page 11."[3]  For the following reasons, Louis Vuitton's motion

-------------------

[1]    *Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, No. 04 Civ. 2990, 2007 WL 1222589 (S.D.N.Y. Apr. 24, 2007).

[2]    Plaintiff's Memorandum of Law in Support of Motion for Reconsideration or Reargument ("Pl. Mem.") at 1.

[3]    *Id.* at 3 (emphasis added).

for modification is denied.

In its Memorandum of Law in support of its motion, Louis Vuitton attempts to make a legal distinction between the terms "bad faith," and "willful deceptiveness" as they are used to describe the evidentiary requirement for an accounting of profits for trademark infringement under 15 U.S.C. § 1117(a). However, to the extent that the Second Circuit has used both "bad faith" and "willful deception" in describing the requisite proof for an award of profits, the terms have been used interchangeably.[4] While in other contexts there may be a legal distinction between the level or type of proof that each of these terms

---

[4]    *See, e.g., George Basch Co., Inc. v. Blue Coral, Inc.,* 968 F.2d 1532, 1539 (2d Cir. 1992) ("Whether a plaintiff also had to show *willfully deceptive* conduct on the part of the defendant is not so clear. While some courts 'rejected good faith as a defense to an accounting for profits' . . . others have concluded that a defendant's *bad faith* is the touchstone of accounting liability.") (citations omitted); *Banff, Ltd. v. Colberts, Inc.,* 996 F.2d 33, 35 (2d Cir. 1993) ("In [*Blue Coral*], the issue was clearly presented and articulated in an infringement case whether a plaintiff may recover a defendant's profits without establishing that the defendant engaged in *deliberately deceptive* conduct. The Court of Appeals ruled that *bad faith* is a necessary predicate for an accounting: 'In order to justify an award of profits, a plaintiff must establish that the defendant engaged in willful deception.'" (quoting *Blue Coral*, 968 F.2d at 1534) (emphasis added)). *See also International Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.,* 146 F.3d 66, 72-73 (2d Cir. 1998) (using the terms "willful infringement," "malicious or egregious" infringement, "deliberately made use," and "bad faith" when describing the scienter requirement for awarding profits for infringement (quotation marks and citations omitted)).

requires, Second Circuit law on the issue of profit awards under section 1117(a) is clear: "a finding of defendant's intentional deceptiveness has always been an important consideration in determining whether an accounting was an appropriate remedy . . . . . [Therefore] under [15 U.S.C. § 1117(a)], a plaintiff must prove that an infringer acted with willful deception before the infringer's profits are recoverable by way of an accounting."[5]

Further, as I emphasized in my April 24 Opinion, although "willful deceptiveness is necessary in order to warrant an accounting for profits . . . it may not be sufficient."[6] In fact, the Second Circuit has stated that "[w]hile this language [of willful infringement] could be read to suggest that a defendant must disgorge all of its profits any time willful infringement is proved, more recent cases establish that a district court has discretion to fashion an alternative remedy, or to award only a partial accounting, if the aims of equity would be better

---

[5]     *Blue Coral*, 968 F.2d at 1539-40.

[6]     *Louis Vuitton*, 2007 WL 1222589, at *2 (quotations and citation omitted).  *Accord Blue Coral*, 968 F. 2d at 1540 (citing five other considerations that a court may take into account in determining whether "on the whole, the equities weigh in favor of an accounting" of profits); *MasterCard Int'l Inc. v. First Nat'l Bank of Omaha*, No. 02 Civ. 3691, 2004 WL 326708, at *11 (S.D.N.Y. Feb. 23, 2004) (citing *Blue Coral* and using the terms "bad faith" and "willful deceptiveness" interchangeably).

3

served."[7]  Thus, because the requirement of willful deceptiveness is simply a
prerequisite for profits, rather than the highest level of bad conduct, creation of a
separate category of "bad faith" that would permit a plaintiff to recover profits
with a *lower* level of proof  – as Louis Vuitton urges – would fly in the face of
Second Circuit precedent on this issue.

     Plaintiff's motion is denied.

               SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            May 18, 2007

---

[7]    *International Star Class*, 146 F.3d at 72.

4

- Appearances -

*For Plaintiff:*

Steven Kimelman, Esq.
Michael A. Grow, Esq.
Alison Arden Besunder, Esq.
Arent Fox LLP
1675 Broadway
New York, New York 10019
(212) 484-3900

Theodore C. Max, Esq.
Sheppard Mullin Richter & Hampton LLP
30 Rockefeller Plaza, 24th Floor
New York, New York 10112
(212) 332-2800

*For Defendant:*

Douglas D. Broadwater, Esq.
Roger G. Brooks, Esq.
Darin P. McAtee, Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
(212) 474-1000

Thomas J. McAndrew, Esq.
Thomas J. McAndrew & Associates
One Turks Head Place, Suite 205
Providence, Rhode Island 02903
(410) 455-0350